Dear Representative Pinac:
This office is in receipt of your request for an Attorney General Opinion regarding elections authorizing the operation of off-track wagering and video draw poker device gaming. Your questions as I understand them are essentially:
 1) Are the results of elections held in Avoyelles and St. Martin Parishes in 1989, wherein a majority of the voters approved the establishment of an off-track wagering facility in these parishes, valid?
 2) Can video draw poker devices be licensed to operate in off-track wagering facilities in Avoyelles and St. Martin Parishes.
In response to your first question, we refer you to pertinent parts of La. Const. art. XII, § 6(C), La. R.S. 18:1300.22(A), and Atty. Gen. Op. 02-0323.
La. Const. art. XII, § 6(C)(1)(b), effective October 15, 1996, provides:
 (b) No form of gaming, gambling, or wagering authorized by law on the effective date hereof shall be licensed or permitted to be conducted in a parish in which it was not heretofore being conducted,
except licensed charitable gaming which may be conducted in any parish provided it is conducted in compliance with the law, pursuant to a state license or permit unless a referendum election on a proposition to allow such gaming, gambling, or wagering is held in the parish and the proposition is approved by a majority of those voting thereon. [Emphasis ours]
Article XII, § 6(C)(4) provides:
 (4) Notwithstanding Article III, Section 12, or any other provision of this constitution, the legislature by local or special law may provide for elections on propositions relating to allowing or prohibiting one or more forms of gaming, gambling, or wagering authorized by legislative act.
La. R.S. 18:1300.22(A), effective July 15, 1997, provides:
 A. Notwithstanding any other law to the contrary, except as otherwise permitted in Subsection B of this Section, any election required by Article XII, Section 6(C) of the Constitution of Louisiana may be called only by an enactment of the legislature which specifically authorized each such election.
The above provisions mandate the current procedures which must be followed before a new form of wagering is allowed in a parish where the wagering activity had not previously been conducted. The results of the 1989 referendum elections in Avoyelles and St. Martin Parishes have been superceded by these later expressions of legislative intent because, although the referendums were held and off-track betting authorized, no off-track betting has ever been conducted in these parishes. As set forth in Atty. Gen. Op. 02-0323, a parish where off-track wagering has not been conducted on or before October 15, 1996, must comply with the provisions of La. Const. art. XII, § 6(C)(1)(b). Further, as of July 15, 1997 the effective date of La. R.S. 18:1300.22, this referendum election can only be called pursuant to an enactment of the legislature which specifically authorizes a parish to conduct such an election, to permit the establishment of an off-track wagering facility in the respective parish. The provisions of La. R.S. 4:214 regarding eligibility, criteria and procedure must also be followed.
With respect to your second question, it should be noted that the Video Draw Poker Devices Control Law was enacted by Act 1062
of the 1991 Regular Legislative Session, effective July 30, 1991. This act authorized the licensing, regulation and operation of video draw poker devices.
Pursuant to La. R.S. 18:1300.21, on November 5, 1996, voters in each of the state's 64 parishes had on the ballot, Proposition C: "Shall the operation of video draw poker devices be permitted? Yes () No ()." The majority of the voters in 31 parishes voted "Yes" to Proposition C, including Avoyelles and St. Martin parishes. In these parishes such operation is authorized if all requirements and qualifications for licensure are satisfied and a license issued. Accordingly, if a person owned a Louisiana State Racing Commission licensed pari-mutuel off-track wagering facility in Avoyelles or St. Martin parishes, then they may be granted a license for the placement of video draw poker devices if all the requirements of the Video Draw Poker Devices Control Law are satisfied. La. R.S. 27:306(A)(3)
In conclusion, it is the opinion of this office that:
 1) Where off-track wagering has not been conducted in a parish on or before October 15, 1996, a local referendum election must be called in order to allow such wagering in that parish; and
 2) As of July 15, 1997, pursuant to La. R.S. 18:1300.22, an act of the legislature is necessary to authorize a parish to conduct this referendum election; and
 3) Pursuant to La. R.S. 27:306 (A)(3), if a person owned a Louisiana State Racing Commission licensed pari-mutuel off-track wagering facility in Avoyelles or St. Martin parishes, they may be granted a license for the placement of video draw poker devices, provided that all the requirements of the Video Draw Poker Devices Control Law, La. R.S. 27:301 et seq., are satisfied.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL